# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JEFFREY EVANS**                                                              **PLAINTIFF**

**V.**                                              **NO. 4:07CV200-M-D**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains that erroneous information contained in his prison file has caused him to be ineligible for a prison job. Plaintiff is asking to be placed in a county work program and to recover the costs of filing this complaint.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the Plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

As for Plaintiff's claim regarding his ineligibility for a job, the Constitution does not confer upon inmates a constitutional right to a particular job assignment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). The assignment of an inmate to a particular job is a matter of prison

administration which falls within the sound discretion of the prison officials. *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977). Inmates, however, have no property interest in having or keeping a prison job. *Bulger*, 65 F.3d at 50; *see also Moody v. Doggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L.Ed.2d 236 (1976) (prisoner eligibility for rehabilitation programs are not subject to due process protections). As such, Plaintiff is not entitled to a hearing on the issue of his eligibility for employment within a state prison and his claim should be dismissed. *See Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

A final judgment in accordance with this opinion will be entered.

THIS the 12th day of February, 2008

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**